IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-01321-REB-BNB

ANNA TUREK,

Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA,

Defendant.

## ORDER

This matter arises on the **Unopposed Motion to Stay Discovery Until the Court Rules on UNUM's Objections to Magistrate Judge's Rulings on Discovery** [Doc. # 35, filed 1/9/2013] (the "Motion to Stay"), which is DENIED.

This is an action for benefits under § 502 of ERISA. Benefits were denied, and the plaintiff seeks review of that decision. The parties agree that the standard of review is *de novo*. Ordinarily under these circumstances, a court is limited to review of the administrative record compiled during the claim administration process. Jewell v. Life Ins. Co. of North America, 508 F.3d 1303, 1308 (10th Cir. 2007). However, the administrative record may be supplemented by evidence "not . . . used to take a second bite at the apple, but . . . necessary to enable the court to understand and evaluate the decision under review." Id. at 1309. For example, supplementation may be appropriate concerning issues of "the credibility of medical experts"; "where the payor and the administrator are the same entity and the court is concerned about impartiality"; and where there is "additional evidence that the claimant could not have presented in the

administrative process." Hall v. UNUM Life Ins. Co. of America, 300 F.3d 1197, 1203 (10th Cir. 2002). After applying the considerations of Jewell and Hall, I entered an Order [Doc. # 29 filed 11/27/2012] requiring the defendant to answer interrogatories seeking the identities and qualifications of doctors, nurses, and other professionals used by UNUM to review the plaintiff's claim, and to provide information about their compensation. Plaintiff's First Discovery Requests [Doc. # 17-1] at Interrogatories 1-2. I also ordered UNUM to produce "a copy of each review of a disability claim performed for UNUM" by three individuals who were involved in the review in this case, and to produce documents "setting forth or evidencing the financial arrangement pursuant to which each performed a review of [the plaintiff's] disability claims. . . ." Id. at Production Requests 5-6. In ordering the discovery, I noted that the requested information is necessary "because if there is corruption or bias which is fueled systemically within the reviewing process then that is something which the court must know" in conducting its review. Transcript of Proceedings, Nov. 27, 2012 [Doc. # 37] ("Trans.") at p. 33 lines 9-12. Here, as in Carberry v. Metropolitan Life Ins. Co., 2010 WL 1435543 *3 (D. Colo. Apr. 9, 2010):

> The kind of information sought here--including the annual compensation received from MetLife by each reviewing doctor and the number of cases referred to them by MetLife--is relevant to the conflict issue. More importantly, such systemic information--which may go far beyond any one case--cannot be derived from a particular administrative record.
>
> The conflict of interest issue is specifically identified in [Metropolitan Life Ins. Co. v. Glenn, 554 U.S. 105 (2008)] as being of "great" or "vanishing" importance depending on the circumstances, but it may be impossible to evaluate those circumstances without extra-record information. Thus, a doctor's review contained in the administrative record may appear appropriate, but evidence of bias or a conflict because the doctor is paid more for reviews indicating no disability, or conducts an unreasonably large number of reviews, or his reviews are

> unreasonably brief, or he depends on MetLife for virtually all of
> his annual income, may be uncovered only by extra-record
> discovery.

Accord Bottoms v. Liberty Life Assur. Co. of Boston, 2011 WL 6181423 *1 (D. Colo. Dec. 13, 2011) (noting that the judges of this district repeatedly have considered "whether, and to what extent, discovery will be permitted" in an ERISA action, and collecting cases).

The discovery allowed in this case is narrowly drawn; not unlimited, unnecessarily broad, burdensome, or cumulative; nor need it slow the efficient resolution of the ERISA claim. Murphy v. Deloitte& Touche Group Ins. Plan, 619 F.3d 1151, 1162-63 (10th Cir. 2010).

The defendant objected to the order compelling discovery. Objection [Doc. # 30, filed 12/11/2012]. That objection is pending. The discovery was due on or before January 11, 2013. The parties filed the Motion to Stay [Doc. # 35] on January 9, 2013. The sole basis for requesting the stay is the pending objection.

I confronted the identical issue in HEI Resources East OMG Joint Venture v. Evans, 2009 WL 250364 (D. Colo. Feb. 3, 2009), and denied the stay. Motions to stay discovery orders pending the determination of objections should be sparingly granted, id. at *1, and must be supported by good cause. D.C.COLO.LCivR 30.2B. The mere filing of an objection does not constitute good cause. HEI, 2009 WL 250364 at *1. The rationale for this rule is apparent:

> Discovery matters have been delegated to the magistrate judges in
> order to promote judicial efficiency and speedy resolution of
> pretrial disputes. . . . Ill-considered "strategic" objections to a
> magistrate judge's orders threaten to undermine these goals and do
> a disservice to the parties, who presumably are themselves
> primarily interested in a speedy resolution of their disputes.

National Excess Ins. v. Civerolo, Hansen & Wolf, P.A., 139 F.R.D. 401, 404 (D. N.M. 1991).

Stay of a discovery order may be appropriate where there is a serious question about the

correctness of the order and where a failure to stay the discovery could result in serious, irreversible injury. Copic Ins. Co. v. Wells Fargo Bank, N.A., 2010 WL 935646 *1 (D. Colo. March 11, 2010). "Thus, for example, a stay may be appropriate where enforcing the existing discovery order would require the disclosure of arguably privileged information, trade secrets to a competitor, or the like." HEI, 2009 WL 250364 at *2. No such issues exist here.

The Order [Doc. # 29] entered in this case is consistent with controlling Tenth Circuit law concerning discovery in ERISA cases, and with numerous district court decisions implementing that controlling authority; the discovery does not require disclosure of privileged, trade secret, or confidential information; a stay will unnecessarily delay the determination of this ERISA benefits case; and there is no risk of harm to the public if the discovery is required. Under these circumstances, a stay is not justified.

IT IS ORDERED that the Motion to Stay [Doc. # 35] is DENIED.

Dated January 11, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge